Hemphill, Oh. J.
Several grounds have been assigned for a reversal of the judgment; and in a long and elaborate argument these grounds have been discussed by the counsel for (he appellants. " The earnestness and ability of counsel are entitled to commendation, but we must decline an investigation of many points which have been urged upon our attention.
One of the causes assigned for error is, the overruling by the judge of the plaintiff’s exceptions to the amended answer of the defendant; aud it is contended that the amended answer is so inconsistent with and repugnant to the original answer as to be either a nullity or impertinent, and would not justify the admission of evidence under it. The inconsistency complained of in the pleading is not perceived. In the original answer, the defendant averred that he had paid the note, and that the plaintiffs never were the owners of the said note; that they hold the same improperly, and never were entitled to bring an action thereon. The defendant, it is true, avers that he liad paid the note; but to infer that by such averment be must have intended to allege that lie had paid to the plaintiffs, is a strained conclusion, when he couples such averment with a denial that they ever were the owners of the note. What may be the legal effect of the plea that they were never the owners of the note, is not material in this ease. It would produce one, effect, at least, viz, that a plea alleging that some other person was the owner of the note could produce no surprise upou the plaintiff'; and that such a plea was not inconsistent with the previous averments of the defendant, to the effect that he paid the note and that the plaintiffs were never owners of the note.
In relation to the competency of the witness, (J. M. Reynolds,) it is sufficient to say that tiie release offered and accepted by the witness is'deemed sufficient to have exempted him from all interest in the event of the suit.
The, prima facie proof of ownership in the plaintiffs, resulting from their possession of the note, is rebutted by the uncoutradieted testimony of this witness. He shows that ho purchased it from the payee for a valuable consideration in June, 1849 ; that the defendant paid it to him in October, 1849, and received bis receipt as evidence of its discharge; and that the reason wily it was not then given up was ids being in possession of a partner of the plaintiffs, and, as the defendant then informed the witness, it was in his hands for collection. The facts of the case are meagre, and the witness should have been required to explain whether lie had ever had possession of the note, and why he did not receive his information of Us whereabouts from the payee of whom he purchased, and not from the maker at the time of its payment. The evidence is not very satisfactory; but it is sufficient to liave required from the plaintiffs some evidence of the circumstances under which they received or retained possession of the note. This was not given. There was nothing in their favor except the bare possession, and this was not sufficient to countervail the facts proved by the witness.
Judgment affirmed.